OPINION
{¶ 1} The defendant-appellant, Joshua L. Bachar ("Bachar"), appeals the judgment of the Auglaize County Common Pleas Court sentencing him to consecutive sentences.
 {¶ 2} On August 25, 2005, the Auglaize County Grand Jury indicted Bachar on two counts of theft, violations of R.C.2913.02(A)(2), felonies of the fifth degree. On October 25, 2005, Bachar withdrew his previously tendered pleas of not guilty and pled guilty to both charges. In exchange for his plea, the State of Ohio recommended two, consecutive seven month prison terms, for an aggregate sentence of 14 months in prison. On December 13, 2005, the trial court held a sentencing hearing and filed its judgment entry of sentencing. The trial court sentenced Bachar to serve two, consecutive 12 month prison terms, for an aggregate sentence of 24 months in prison. Bachar appeals the trial court's judgment and asserts the following assignment of error:
The trial court's ordering that the sentences ofDefendant-Appellant for counts one and two of the indictment wereto be served consecutively to each other was unsupported by therecord and was contrary to law.
 {¶ 3} In the sole assignment of error, Bachar contends the trial court erred by sentencing him to consecutive sentences. Bachar acknowledges that at the time of sentencing, the trial court was required to make certain findings under R.C.2929.14(E)(4) prior to imposing consecutive sentences. However, while his appeal was pending, the Ohio Supreme Court decidedState v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470. Bachar contends the trial court's judgment should be reversed in light of Foster because R.C. 2929.14(E) is unconstitutional.
 {¶ 4} In Foster, the court found R.C. 2929.14(E)(4) unconstitutional because it requires trial courts to make findings based on facts that have not been determined by a jury or were not admitted by the defendant. Foster, supra at paragraph 3 of the syllabus (citing Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435; Blakelyv. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403). Because the Supreme Court found R.C. 2929.14(E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts. Id. at ¶¶ 103-104. Therefore, we are required to vacate Bachar's sentence and remand this cause to the trial court for additional proceedings.
 {¶ 5} The sentence of the Auglaize County Common Pleas Court is vacated, and this cause is remanded for further proceedings.
Sentence vacated and cause remanded.
 Rogers and Shaw, JJ., concur.